## Porter *versus* Botkins.

1. In slander under the general issue evidence of the truth of the words is not admissible in mitigation of damages.

2. The rule is, that if the proposed testimony tend to prove the truth of the charge it is not evidence.

3. In mitigation of damages evidence may be given of the circumstances which induced the defendant erroneously to make the charge; but they must be such only as tend to disprove malice and do not tend to prove its truth or form a link in the chain to prove a justification.

November 16th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Porter *v.* Botkins.]

Error to the Court of Common Pleas of *Washington county:* No. 27, to October and November Term 1868.

This was an action on the case for slander, commenced August 2d 1862, by George W. Botkins against Thomas Porter. The declaration charged that the defendant declared that the plaintiff was a murderer, that he had poisoned Joshua Howard and Mary Howard; that he was a hog thief, and had stolen William Sproul's hog. The defendant pleaded Not guilty.

The plaintiff on the trial gave evidence of the uttering by the defendant of the words charged in the declaration.

The defendant then made the three following offers:—

1. To prove that Joshua Howard was a childless old man, who owned considerable property; was intimate with the plaintiff; he made his will, in which he devised to him all his real and personal property, reserving to his wife her maintenance for life, from the property devised to plaintiff. That shortly after the will was made, the said Joshua Howard was found dead in his bed; and that he was on the day previous to his death, in good health. That the plaintiff immediately took possession of Howard's property, and took the widow into his family to live; that afterwards, Mrs. Howard died suddenly, and without previous illness; that these circumstances caused considerable talk in the town and vicinity as to the strange and sudden manner in which the said Howard and his wife had died; and that it was currently reported that they had died from poison, which reports had been communicated to the defendant. This is offered to show the circumstances under which the words charged were spoken, to repel malice and in mitigation of damages, and to show that the charges made were uttered under a misapprehension of the facts on which they were based.

2. "To prove that Joshua Howard died suddenly, without previous illness, shortly after he had made his will, devising all his property, real and personal, to the plaintiff; and in the presence of the inquest and a large number of spectators, including the defendant, Mrs. Howard, the widow of deceased, appeared and proclaimed that her husband had been poisoned; to be followed with proof that the plaintiff Botkins said he was glad that Howard had died when he did, for if he had not, he would have changed his will; and he, Botkins, would have lost the property.

3. "To prove in mitigation of damages, that plaintiff is in possession of all the property belonging to Joshua and Mary Howard. That he procured Joshua Howard to make a will in his favor. That shortly after, Joshua Howard, without any previous sickness, was found dead. And that some time afterwards, Mary Howard, who was living in the house of plaintiff, died suddenly. That their deaths were the subjects of frequent discourse in the neighborhood; and that it was reported that they had been poisoned.

[Porter *v.* Botkins.]

And that these reports had been communicated to the defendant before he made the statements charged against him."

The court (Sterrett, P. J., of the Fifth District) rejected all the offers and sealed several bills of exception.

The verdict was for the plaintiff for $675. The defendant removed the case to the Supreme Court; and there assigned the rejection of his offers for error.

*N. P. Fetterman,* for plaintiff in error, cited Morris *v.* Duane, 1 Binn. 92, in note; Beehler *v.* Steever, 2 Whart. 313; Minesinger *v.* Kerr, 9 Barr 313.

*W. McKennan* and *D. S. Wilson,* for defendant in error, cited Petrie *v.* Rose, 5 W. & S. 366; Smith *v.* Smith, 3 Wright 442.

The opinion of the court was delivered, January 4th 1869, by

WILLIAMS, J.—None of the assignments of error in this case are properly made, and we might, therefore, disregard them, and, without considering the questions intended to be raised, affirm the judgment. It ought to be understood that, in vindication of our rules, we may be compelled to treat such defective assignments as nullities. But passing them by in the present case, we are of the opinion that the offers of evidence were inadmissible under the pleadings.

It is well settled, if anything can be by repeated decisions of this court, that in an action for slander, evidence of the truth of the words is not admissible under the general issue, in mitigation of damages—the only safe rule on the subject, as declared in Smith *v.* Smith, 3 Wright 442, is that if the proposed testimony tend to prove the truth of the charge it is not evidence. Subordinate to this rule, the defendant may prove, in mitigation of damages, the circumstances which induced him erroneously to make the charge. But the circumstances must not be of such a character as tend to prove its truth. Facts and circumstances can only be shown in mitigation when they disprove malice and do not tend to prove the charge, or form a link in the chain of evidence to prove a justification: Petrie *v.* Rose, 3 W. & S. 366; Smith *v.* Smith, 3 Wright 442.

Testing the offers of evidence in this case by these rules, it seems to us that they were properly rejected. The circumstances as recited therein, under which Jacob Howard, a childless old man, was found dead in his bed, without any previous sickness, shortly after he had made his will devising his property to the plaintiff—the equally sudden death of his widow, while living in the plaintiff's family, and whose maintenance was charged on the estate devised—the motive which the plaintiff had for desiring their death, and the other facts stated in the offers certainly tended

[Porter *v.* Botkins.]

to prove, though they may have come short of establishing the truth of the charge, that the plaintiff was guilty of their murder by poison, as charged by the defendant. All these facts and circumstances would have been admissible under a plea of justification, and would have formed more than one link in the chain of evidence to sustain the plea. And if so, they were not admissible under the plea of not guilty in mitigation of damages.

Judgment affirmed.